UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :

IN RE EX PARTE PETITION OF FUNDO DE     :        26-MC-00008 (JAV)
INVESTIMENTO EM DIREITOS CREDITORIOS NO  :
PADRONIZADOS FOR AN ORDER PERMITTING   :         <u>ORDER</u>
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS :
PURSUANT TO 28 U.S.C. § 1782             X

------------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

On January 7, 2026, Petitioner Fundo de Investimento em Direitos Creditórios Não Padronizados commenced this action, seeking an *ex parte* order authorizing discovery for use in a foreign proceeding from The Clearing House Payments Company L.L.C. and the Federal Reserve Bank of New York (collectively, "Respondents") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure.  *See* ECF No. 1 ("Appl.").  For the reasons stated below, the application is **GRANTED**, without prejudice to the timely filing of a motion to quash the subpoenas.

This Application seeks evidence for use in four pending proceedings in Brazil (collectively, the "Brazil Proceedings").  These proceedings include: (1) enforcement lawsuit no. 0013943-12.2013.8.26.0008, pending with the 4th Civil Court of the Tatuapé Regional Forum – São Paulo State Court; (2) enforcement lawsuit no. 0013944-94.2013.8.26.0008, pending with the 5th Civil Court of the Tatuapé Regional Forum – São Paulo State Court (together, the "Enforcement Lawsuits"); (3) a civil proceeding to Pierce the Corporate Veil N. 0004905-58.2022.8.26.0008; and (4) a civil proceeding to Pierce the Corporate Veil No. 0007893-52.2022.8.26.0008 (together, the "Proceedings to Pierce the Corporate Veil").  ECF No. 4 ("Tavanti Decl."), ¶ 12.  The Enforcement Lawsuits sought to enforce bank credit instruments ("BCIs") against debtors Comércio de Veículos Biguaçú Ltda. and Solar Comércio de Veículos

Ltda. (collectively, the "Debtors") and their guarantors. *Id.* ¶ 9. The BCIs were guaranteed by Válter de Souza Mesquita, Ricardo de Souza Mesquita, Rodrigo Odilon Guedes Mesquita, and Swan Serviços Administração e Participação Ltda. (collectively, the "Guarantors"). *Id.* Initial judicial searches to locate the Debtors' and the Guarantors' assets revealed no or insufficient assets to pay the debts owed to the Petitioner. *Id.* ¶ 25. However, Petitioner avers that the Guarantors had a complex network of companies, incorporated in Brazil and in foreign jurisdictions, to conceal their assets and protect them from their debtors. *Id.* ¶ 28. Petitioner filed requests seeking to pierce the corporate veil with respect to shell companies controlled by the Debtors and Guarantors. *Id.* ¶¶ 77, 93. Each request gave origin to the Proceedings to Pierce the Corporate Veil, which runs in parallel with the Enforcement Lawsuits. *Id.* ¶¶ 72, 93. In both Proceedings to Pierce the Corporate Veil, the applicable Brazilian court have authorized the proceeding to pierce the corporate veil in favor of Petitioner. *Id.* ¶ 79. ECF No. 6 at 2.

By this Application, Petitioner seeks evidence to be used in the Brazil Proceedings to show that the Debtors and Guarantors have misrepresented facts in these proceedings, and that the Guarantors, in fact, have assets to pay the debts owed to the Petitioner. Tavanti Decl., ¶¶ 14-15. Petitioner requests limited documents and information from the Respondents concerning financial documents that uncover funds transferred through international financial institutions. *See* ECF No. 3-2 ("Subpoena"). These records can reveal assets that have been concealed through a network of domestic and foreign entities and transactions beyond the reach of the Brazilian courts' jurisdiction. Tavanti Decl., ¶¶ 14-15.

Section 1782(a) authorizes a district court to order discovery for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). It also authorizes district courts to grant applications made

pursuant to § 1782 *ex parte*. "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak,* 486 Fed. App'x 215, 217 (2d Cir. 2002); *see also In re FourWorld Event Opportunities Fund, L.P.*, No. 22 Misc. 316 (KPF), 2022 WL 17156111, at *3 (S.D.N.Y. Nov. 21, 2022). Upon the granting of the Application, Respondents will have ample opportunity to object and be heard.

Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied. First, that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made. Second, that the discovery be for use in a foreign proceeding before a foreign tribunal. And third, that the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015) (cleaned up). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264-65.

The three statutory requirements are met here. First, Respondents "reside" or "are found" in the Southern District of New York because both are headquartered in Manhattan. ECF No. 3 at 21. *See In re Vinmar Overseas, Ltd.*, No. 20-MC-277 (RA), 2020 WL 4676652, at *1 (S.D.N.Y. Aug. 12, 2020); *In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28*

*U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018).

Second, the discovery sought is "for use in" the Brazil Proceedings because it is "something that will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). Petitioner seeks financial documents that uncover funds transferred through international financial institutions. *See* Subpoena. This information will assist Petitioner in determining the existence, location, and control of assets, and test the representations made in the Brazilian Proceedings of the financial resources of the Debtors and Guarantors. Tavanti Decl., ¶¶ 14-15.

Third, Petitioner is an "interested person" under the statute, as Fundo de Investimento em Direitos Creditórios Não Padronizados is a claimant to the Brazil Proceedings. *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (A party to the foreign proceeding is an "interested person" under Section 1782).

The four discretionary *Intel* factors also weigh in favor of granting the application. *See Intel*, 542 U.S. at 264-65. First, Respondents are not participants in the Brazil Proceedings. *See Gorsoan Ltd. v. Bullock*, 652 Fed. App'x 7, 9 (2d Cir. 2016) (unpublished) (Respondents are "not parties to the [foreign] proceedings, so the first *Intel* factor weighs in favor of discovery.").

Second, for these purposes, the Court can conclude that the Brazilian courts would likely be receptive to this form of U.S. judicial assistance because there appears to be no "authoritative proof" otherwise. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (A district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," such as proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence

gathered under foreign procedures"). The Court has no reason to believe that Brazil would not be receptive to evidence gathered under the auspices of Section 1782. Tavanti Decl., ¶ 104.

Third, the application does not conceal an attempt to circumvent foreign evidence-gathering rules. This factor concerns whether the application circumvents foreign "rules akin to privileges that *prohibit* the acquisition or use of certain materials," not "rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015). Additionally, the "availability of the discovery in the foreign proceeding should not be afforded undue weight" in this analysis. *Id.* at 303. The application does not seek to violate foreign prohibitions, and there is no indication that the discovery is sought in bad faith. Tavanti Decl., ¶ 113.

Fourth and finally, the discovery sought is not "unduly intrusive or burdensome." The discovery request is narrowly tailored and seeks a discrete category of records that should be relatively easy for each institution to access, documents concerning wire transfers processed by Respondents in which the names of a set list of persons or entities appear.

## CONCLUSION

Accordingly, the application is GRANTED. Petitioner's U.S. counsel, Gabriela Menna Barreto Scanlon, is authorized to serve subpoenas that seeks the documents identified in ECF No. 3-2, on Respondents, together with a copy of this Order, no later than **thirty days** from the date of this Order. No later than **the same date**, and *before* serving the subpoena on Respondents, Petitioner shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's

counsel is unknown, on that party directly.  *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)).  Petitioner shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Southern District of New York, and the Court's Individual Rules and Practices in Civil Cases.  If the parties believe that a protective order is appropriate or necessary, they shall adhere to the procedures set forth in Section 5.N of the Court's Individual Rules.  In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated:  March 27, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge