UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EX PARTE PETITION OF FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS NAO PADRONIZADOS FOR AN ORDER PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No.:1:26-mc-0008-(JAV) |

**MEMO ENDORSED**

**PETITIONER'S LETTER MOTION TO REOPEN THE PROCEEDING AND FOR LEAVE TO SERVE SUPPLEMENTAL AND ADDITIONAL SUBPOENAS**

Dear Judge Vargas,

We represent Petitioner Fundo de Investimento em Direitos Creditórios Não Padronizados – DJF ("Petitioner") in the above-referenced proceeding. On March 27, 2026 (ECF No. 7), the Court granted Petitioner's *ex parte* Application under 28 U.S.C. § 1782 and authorized Petitioner to serve subpoenas upon the Federal Reserve Bank of New York ("FRBNY") and The Clearing House Payments Company L.L.C. ("CHIPS"). This miscellaneous proceeding was closed that same day, upon entry of the Order and before the authorized discovery had been served or completed. Petitioner timely served both subpoenas and filed its Notice of Compliance on April 27, 2026 (ECF No. 8).

The discovery is sought for use in enforcement proceedings pending in Brazil against members of the Mesquita family and the network of domestic and offshore entities used to shield their assets. Petitioner has since received CHIPS's production, which both confirms the relevance of the authorized discovery and identifies an additional custodian of relevant records. Petitioner therefore respectfully requests that the Court reopen this proceeding and, pursuant to the Court's Individual Rules and Rule 45 of the Federal Rules of Civil Procedure, grant leave to serve the subpoenas described below.

*First,* Petitioner requests leave to serve a supplemental subpoena adding five entities that are already described in the record. Petitioner's Memorandum of Law describes how the Guarantors, Válter and Ricardo de Souza Mesquita, inserted a series of offshore companies as shareholders of their Brazilian holding companies—Santa Albana, Mônaco, and Thassos—to conceal the family's assets. (Mem. of Law 13–15; Tavanti Decl. ¶¶ 31–44.) Five such entities are described in that

record, however they were not included in the enumerated definition of "Target Entities" in the subpoena's schedule, even though their immediate counterparts in the same scheme—including Kencove International, Inc., Donald Group Enterprises S.A., and Elverton Trading Co.—were listed:

- **Ankara Capital S.A.** and **Parola International S.A.** — offshore shareholders of Santa Albana (Mem. of Law 13);
- **Florming Marketing S.A.**, **Bernson S.A.**, and **Orchard Consultants Group S.A.** — offshore shareholders of Mônaco and Thassos (Mem. of Law 14–15).

Because these five entities are drawn from the same structure the Court has already found to satisfy § 1782 and the *Intel* factors, no new showing is required; the relief simply conforms the subpoena to the record.

*Second,* Petitioner requests leave to serve subpoenas upon Société Générale S.A. and its United States affiliate, SG Americas Securities, LLC. The CHIPS production, received on June, 2026, reflects wire transactions involving Daniel Mesquita, an individual target and the son of Guarantor Válter de Souza Mesquita (Subpoena Def. ¶ 16), including payments remitted by Société Générale Securities Services, the group's securities services division.

Both entities are found within this District. SG Americas Securities, LLC maintains its principal place of business at 245 Park Avenue, New York, New York 10167. Société Générale S.A. maintains its Americas head office at that same address, operates a licensed New York branch, and cleared the payments at issue through CHIPS in this District—the very transactions from which the requested discovery arises. Section 1782's "resides or is found" requirement extends to the limits of personal jurisdiction consistent with due process. *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019).

Because the requested discovery concerns the same Brazilian enforcement proceedings and the same asset-concealment scheme already before the Court, the *Intel* analysis is satisfied as to this custodian, and the subpoena seeks ordinary transactional records from a neutral financial institution.

The Attachment annexed as Exhibit A is identical to the schedule the Court previously approved (ECF No. 3-2). Its definitions, instructions, requests for production, and applicable time period remain unchanged in every respect. The only difference is the addition of the five entities identified above to the enumerated list of "Target Entities"; no request has been broadened, and no new category of documents is sought. That same schedule will be annexed to the supplemental subpoenas directed to FRBNY and CHIPS and to the subpoenas directed to Société Générale and SG Americas as additional respondents, so that all respondents produce against identical definitions and requests. A proposed order is attached as Exhibit B.

Granting these requests would not prejudice any party. The proceeding remains *ex parte*, and the respondents are neutral financial institutions.

For the foregoing reasons, Petitioner respectfully requests that the Court: (i) reopen this proceeding, (ii) grant leave to serve a supplemental subpoena upon FRBNY and CHIPS and subpoenas upon Société Générale and SG Americas Securities, LLC, each incorporating the schedule attached as Exhibit A, and (iii) enter the proposed order attached as Exhibit B. We thank the Court for its attention and remain available should any questions arise.

Date: July 22, 2026.

New York, New York.

MB SCANLON PLLC

/s/ Gabriela Menna Barreto Scanlon
Gabriela M.B. Scanlon
4301 50th Street NW, 1st Floor
Washington, D.C., 20016
Tel: (202) 410-9293
Email: gabriela@mbscanlon.com
*Counsel for Petitioner*

The motion to reopen this miscellaneous proceeding is denied. Petitioner was granted the relief it sought in the petition and this matter was accordingly closed. Petitioner does not seek to reopen to enforce the subpoenas previously authorized, but rather leave to serve new subpoenas, including subpoenas on additional parties that were not the subject of the original petition. The proper procedure is for petitioner to file a new petition. The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Dated: July 22, 2026

JEANNETTE A. VARGAS
U.S. District Judge